UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                           Plaintiff,                        **ORDER**
                                                                                     CV 05-1815 (JS) (ARL)
      -against-

SELECT AVIATION CORP., et al.,

                           Defendant.
------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Plaintiff moves by letter application dated May 24, 2006 for an order requiring defendant, Perry Joseph, to produce signed medical authorizations and any evidence of the injury referred to in his April 19, 2006 letter to the court. Defendant Joseph opposes the application by letter dated May 30, 2006 and cross moves to compel the plaintiff to respond to his discovery demands. For the reasons that follow, the plaintiff's application is **DENIED** and defendant Joseph's application is **DENIED** with leave to renew**.**

To be discoverable the information sought by a party must be "relevant to a claim or defense of any party. . . ." Fed. R. Civ. P. 26 (b) (1). Here, the complaint alleges pursuant to 49 U.S.C. § 46301 that defendant Joseph violated numerous Federal Aviation Administration regulations related to record keeping, inspection and servicing of aircraft. Defendant Joseph denies the allegations in their entirety. As neither the claims or defenses in this action concern Mr. Joseph's health, such information is irrelevant. Accordingly, the plaintiff's motion to compel the production of signed authorizations for the release of Mr. Joseph's medical records relating to the injuries referenced in this April 19, 2006 letter and any evidence relating thereto is **DENIED.**

Turning next to defendant Joseph's cross-motion, plaintiff opposes the application by letter dated June 6, 2006. Plaintiff states that the motion to compel should be denied because defendant Joseph failed to confer with it prior to moving to compel. Plaintiff further explains that the application should be denied because the time to respond to the discovery demands that are the subject of the application has not yet expired given that they were first served on May 19, 2006. The court agrees. Federal Rule of Civil Procedure 34 provides that "[t]he party upon whom the request [for documents] is served shall serve a written response within 30 days after service of the request." Accordingly, the defendant's application is premature. Moreover, Rule 2(A)(1) of the undersigned's individual rules requires that the parties "must attempt to resolve disputes by conferring in good faith with their adversary. The court interprets good faith to be in-person contact whether by telephone or in person." Thus, the application is denied without prejudice. Defendant Joseph may renew his application upon expiration of the 30-day time

period should he be unable to resolve the issue after conferring with the plaintiff in good faith.

Finally, a telephone status conference is scheduled for **June 22, 2006 at 11:30 a.m.** Plaintiff is directed to initiate the conference and to call the court at (631)712-5730 once all parties are on the line.

Dated: Central Islip, New York  **SO ORDERED:**
June 8, 2006

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge