```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,                    **ORDER**
                                                            CV 05-1815 (JS) (ARL)
        -against-

SELECT AVIATION CORP., et al.,

                              Defendants.
----------------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

By order dated August 10, 2006, *pro se* defendant Perry Joseph was directed to submit a letter to the undersigned indicating the basis for his renewed application to compel discovery including the date that the original application was made and what discovery he believes is outstanding. Accordingly, by letter dated August 22, 2006, Mr. Joseph has apprised the court that the renewed application to compel discovery is based on his May 30, 2006 letter motion to compel responses to his first request for the production of documents. That application was denied with leave to renew by order dated June 8, 2006 because it was made before the time for the plaintiff to respond had expired. Additionally, there had been no effort by the parties to resolve the issue prior to seeking court intervention. Following the plaintiff's response to the request for the production of documents on June 21, 2006, the defendant did not move to compel until he raised the issue for the first time during the final conference on August 10, 2006.

By letter dated September 5, 2006, the plaintiff opposes the application. Plaintiff states that the application should be denied as untimely because the defendant failed to renew his motion to compel before the discovery period closed, despite having had the opportunity to do so. Alternatively, the plaintiff asserts that the application should be denied on the merits. The court agrees with the plaintiff that the defendant's renewed motion is untimely. Nevertheless, given his *pro se* status, the court will consider the application on the merits.

Turning to the merits of the application, the Federal Rules state that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b)(1). To be discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. This rule must be interpreted in line with the general purpose of discovery, which is to "provide both parties with information essential to proper litigation of all the facts." Sackman v. Liggett Group, Inc.*,* 173 F.R.D. 358, 361 (E.D.N.Y. 1997)(quoting Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973)(citation omitted)). In practice, the standard is broadly applied in order to allow the parties access to important facts. There are, however, limits. The Federal Rules recognize, for example,

that discovery may be limited when the benefits to be obtained are outweighed by the burdens and expenses involved, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26 (b)(2). With these standards in mind, the court addresses the defendant's application.

First, the defendant seeks to compel the production of unidentified "missing" documents allegedly sent by Select Aviation to the FAA. Defendant further seeks production of hand written and/or typed reports generated by the FAA inspectors who were involved in the inspections or investigations at Select Aviation as well as written communications between him and the FAA's regional counsel relating to "financial hardship." According to the defendant, the plaintiff has provided only a "partial" production of these materials. Given the plaintiff's claim that it has produced its entire investigatory file relating to this matter together with the defendant's failure to specify the nature of the documents he claims are missing, this prong of the application is denied.

Second, the defendant seeks to compel the production of all documents relating to aircraft identified as N9393B, N639SP, N2370F, N9529A, N680MA, N681MA, N5331K, and N4805T and copies of all correspondence between Select Aviation and the FAA. Plaintiff objects to the request, claiming that it is overly broad and unduly burdensome because it has no time restriction. The court agrees. According to the complaint, the violations alleged in this action commenced in 2001. Thus, the documents sought by the defendant prior to 2001 are irrelevant to the claims or defenses in this action. However, the defendant is entitled to such materials as of January 1, 2001. While plaintiff represents that it has already produced all documents and correspondence in its possession related to this action, the plaintiff is directed to produce copies of all documents created as of January 1, 2001 relating to the aircraft identified by the defendant together with any correspondence between Select Aviation and the FAA prepared as of January 1, 2001 to the extent that it has not already done so.

Third, the defendant seeks a copy of the "anonymous letter which prompted the FAA investigation." Defendant maintains that he is entitled to the letter under the Freedom of Information Act ("FOIA") and does not address the relevancy of the material sought. Plaintiff objects to its production, claiming that it is irrelevant to the issues in this case. Plaintiff further asserts that the letter is protected from disclosure by the informant and investigatory files privileges. As a preliminary matter, discovery in this matter is not governed by FOIA, but by the Federal Rules of Civil Procedure. As explained above, the Federal Rules permit discovery of relevant materials that are not otherwise privileged. Fed. R. Civ. P. 26 (b)(1). Here, the defendant has not provided a basis for the court to conclude that the letter is relevant to the claims or defenses herein. Given that the complaint alleges violations based upon the FAA's own investigation, the court fails to see the relevance of the letter sought, even if the investigation was prompted by the letter. Accordingly, this prong of this application is denied.[1]

---

[1] Given this ruling, the court need not rule as to whether the privileges cited by the plaintiff would shield the document from disclosure.

Next, the defendant seeks production of a report allegedly made by an FAA inspector in regard to the inspection and replacement of an air filter. In response to this request, the plaintiff states that it is unaware of any such document. The court finds that this response is appropriate as the plaintiff cannot produce that which it does not have.

Defendant also seeks production of a list by year from 2001-2005 of all FAA enforcement actions, showing the names, dates and action taken by the FAA. Defendant states that he requires this material to prove that the government has singled him out for prosecution and that he is entitled to such materials pursuant to FOIA. As explained above, discovery in this matter is governed by the Federal Rules of Civil Procedure and not FOIA. Applying the standard for discoverability under Federal Rule 26(b), the court finds that the material sought is irrelevant to the claims and defenses in this lawsuit. Accordingly, this prong of the defendant's motion is denied.

Finally, the defendant seeks identification of "all pending alleged violations that the FAA is considering, and or initiated any legal actions against the Defendants" as well as copies of all press releases issued by the plaintiff, and the U.S. Attorney, E.D.N.Y., relating to any actions against an aviation entity and its president or other corporate officer for alleged violation of Federal Aviation regulations. Plaintiff objects, claiming, *inter alia*, that these materials are irrelevant. The undersigned agrees. Accordingly, the defendant's application is denied.

The court has also reviewed the parties' proposed joint pretrial order. The undersigned finds that it substantially complies with the requirements of District Judge Seybert. Accordingly, the pretrial order is approved subject to the objections raised therein. With regard to the plaintiff's objection to the defendant's identification of nearly 50 witnesses without providing any specific information as to the nature of the information they possess, the undersigned agrees that the defendant's list is deficient. District Judge Seybert requires that the pretrial order include a list of witnesses "together with a brief narrative statement of the expected testimony of each witness." See Individual Practices of the Honorable Joanna Seybert, Rule IV.(A)(viii). Accordingly, the defendant shall supplement his witness list to include the narrative statement of the expected testimony of each witness. This supplement shall be served and filed by October 2, 2006. The case is marked ready for trial and is returned to the district court for final disposition.

Dated: Central Islip, New York  **SO ORDERED:**
September 20, 2006

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge